IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH E. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-20-68-F |
| | ) |
| CENTRAL STATES HEALTH & | ) |
| LIFE CO. OF OMAHA, a Mutual | ) |
| Legal Reserve Company, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On April 29, 2020, defendant filed Defendant's Notice of Constitutional Question (doc. no. 20), wherein defendant gives notice, pursuant to Rule 5.1, Fed. R. Civ. P., that in its answer to plaintiff's complaint, it is challenging the constitutionality of Oklahoma's punitive damages statute, 23 O.S. 2011 § 9.1. Defendant asserts that the punitive damages statute violates the Due Process Clause of the Fourteenth Amendment and does not comply with the standards and limitations set forth by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003) and their progeny.

As the constitutionality of 23 O.S. 2011 § 9.1 has been challenged in this action, and the State of Oklahoma is not a party to this action, the court concludes that 28 U.S.C. § 2403(b) and Rule 5.1(b), Fed. R. Civ. P., require certification of the question to the Oklahoma State Attorney General. *See*, Oklahoma ex rel Edmondson v. Pope, 516 F.3d 1214 (10th Cir. 2008) (remanding where notice not given to United States Attorney General of constitutional challenge to federal statute).

Accordingly, the court hereby **CERTIFIES** to the Oklahoma State Attorney General that the constitutionality of Oklahoma's punitive damages statute, 23 O.S. 2011 § 9.1, is being challenged in this action.

The Oklahoma State Attorney General is **GRANTED** leave to intervene in this action *only* for purposes of presenting evidence and argument on the constitutional question raised by defendant. The Oklahoma State Attorney General may intervene **within sixty days from April 29, 2020**, the date of the filing of Defendant's Notice of Constitutional Question.[1]

The clerk is **DIRECTED** to provide to the Oklahoma State Attorney General a copy of this order, along with copies of plaintiff's complaint (doc. no. 1), defendant's answer (doc. no. 11), and the parties' joint status report (doc. no. 21).

IT IS SO ORDERED this 30th day of April, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0068p004.docx

---

[1] Rule 5.1 (c), Fed. R. Civ. P., provides in pertinent part:

> Unless the court sets a later time, the attorney general may intervene within 60 days after the notice if filed or after the court certifies the challenge, whichever is earlier.